**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCHNITZER STEEL INDUSTRIES, INC., an Oregon corporation and MMGL CORP., a Washington corporation, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, an Illinois corporation and TRANSPORTATION INSURANCE COMPANY, an Illinois corporation, <br><br> Defendants - Appellants. | No. 14-35793 <br><br> D.C. No. 3:10-cv-01174-MO <br><br> MEMORANDUM[*] |
| SCHNITZER STEEL INDUSTRIES, INC., an Oregon corporation and MMGL CORP., a Washington corporation, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, an Illinois corporation and TRANSPORTATION INSURANCE COMPANY, an Illinois corporation, | No. 15-35101 <br><br> D.C. No. 3:10-cv-01174-MO |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellants.

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Argued and Submitted May 2, 2016
Portland, Oregon

Before: GOODWIN, TALLMAN, and HURWITZ, Circuit Judges.

Continental Casualty Co. and Transportation Insurance Co. (collectively, "Continental") appeal from the district court's denial of judgment as a matter of law and award of attorney fees in favor of Schnitzer Steel Industries, Inc. and MMGL Corp. (collectively, "Schnitzer"). In this diversity action, Schnitzer alleges that Continental breached its contractual obligation by failing to pay Schnitzer's reasonable and necessary defense costs in litigation concerning the Portland Harbor Superfund Site. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err by denying Continental's renewed motion for judgment as a matter of law because the jury could reasonably have found from the evidence that no reasonable effort to locate competent non-local counsel willing to represent Schnitzer at local rates could have been successful. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009) (standard of review; district court should grant a renewed motion for judgment as a matter of law only

"if the evidence permits only one conclusion and that conclusion is contrary to the jury's verdict").

The district court did not err by awarding prejudgment interest to Schnitzer under Oregon Revised Statutes § 82.010(1)(a) because the jury decided issues of fact establishing that Continental owed "sums certain at dates certain." *Strader v. Grange Mut. Ins. Co.*, 39 P.3d 903, 909 (Or. Ct. App. 2002) (citation and internal quotation marks omitted); *see also In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1119 (9th Cir. 1987) (standard of review). Damages therefore were "ascertainable" for purposes of calculating prejudgment interest, as required by *Public Market Co. of Portland v. City of Portland*, 138 P.2d 916, 918 (Or. 1943). *See Strader*, 39 P.3d at 909.

The district court did not err by awarding Schnitzer declaratory relief. *See Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1040 (9th Cir. 2004) (standard of review). First, even if Federal Rule of Civil Procedure 52(a) required the district court to make findings of fact, any error was harmless because the jury's findings supported the declaratory judgment. *See Fed. Trade Comm'n v. Enforma Nat. Prods. Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004) ("A failure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings."). Second, the

judgment did not improperly deny Continental discretion over future costs; rather, it ordered Continental to pay reasonable defense costs consistent with the jury's findings. Finally, to the extent that the judgment had the practical effect of awarding injunctive relief, the district court may award such relief where, as here, a party was "aware of the possibility and had an opportunity to be heard." *Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 950 (9th Cir. 1986).

The district court did not err in awarding attorney fees to Schnitzer under Oregon Revised Statutes § 742.061. *See In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d at 1119 (standard of review). Because § 742.061 requires an award of fees to an insured when "recovery exceeds the amount of any tender made by the defendant in such an action," it constitutes substantive law. Or. Rev. Stat. § 742.061(1); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991) (states' fee-shifting rules constitute substantive law when they "embody a substantive policy, such as a statute which permits a prevailing party in certain classes of litigation to recover fees"). Consequently, the district court was bound under the *Erie* doctrine to apply § 742.061. *See In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d at 1120-21 (absent conflict with federal rules, statutes, or policies, a federal court sitting in diversity is bound to apply state substantive law).

**AFFIRMED.**

4